| | |
|---|---|
| 1 | DAVID E. BOWER (SBN 119546) |
| | MONTEVERDE & ASSOCIATES PC |
| 2 | 600 Corporate Pointe, Suite 1170 |
| | Culver City, CA 90230 |
| 3 | Telephone: (213) 446-6652 |
| | Facsimile (212) 202-7880 |
| 4 | |
| | *Attorneys for Plaintiff* |
| 5 | |
| | ROBERT A. SACKS (SBN 150146) |
| 6 | sacksr@sullcrom.com |
| | ALEXA M. LAWSON-REMER (SBN 268855) |
| 7 | lawsonr@sullcrom.com |
| | SULLIVAN & CROMWELL LLP |
| 8 | 1888 Century Park East |
| | Los Angeles, CA 90067-1725 |
| 9 | Telephone:   (310) 712-6600 |
| | Facsimile:    (310) 407-2688 |
| 10 | |
| | *Attorneys for Defendants* |
| 11 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MORRISSEY, Individually and On Behalf of All Others Similarly Situated, | CASE NO.: 2:17-cv-06771-DSF-MRW |
| | CLASS ACTION |
| Plaintiff, | **(1) STIPULATION OF DISMISSAL; and** |
| v. | |
| KITE PHARMA, INC., et al., | **(2) [PROPOSED] ORDER DISMISSING ACTION (Filed Separately)** |
| Defendants. | |

## STIPULATION OF DISMISSAL

WHEREAS, on August 28, 2017, Kite Pharma, Inc. ("Kite" or the "Company") published a press release and filed with the United States Securities and Exchange Commission ("SEC") a Form 8-K announcing that it had entered into a definitive merger agreement (the "Merger Agreement"), by which Gilead Sciences, Inc. ("Gilead"), through its subsidiary, Dodgers Merger Sub, Inc. ("Merger Sub"), would commence a tender offer to acquire all outstanding shares of Kite's common stock at a price of $180.00 in cash per share (the "Offer");

WHEREAS, on September 5, 2017, a Schedule 14D-9 was filed with the SEC, which included Kite's recommendation statement in connection with the Offer (the "Recommendation Statement"), in which Kite indicated that its board of directors, acting with the advice and assistance of its independent legal and financial advisors, unanimously recommended that the stockholders of the Company accept the Offer and tender their shares to Gilead pursuant to the Offer;

WHEREAS, on September 7, 2017, plaintiff Simon Gordon, an alleged stockholder of Kite, filed a putative class action complaint in the United States District Court for the District of Delaware, against Kite and its board of directors (the "Kite Board") alleging purported violations of the federal securities laws in connection with the Recommendation Statement;

WHEREAS, on September 7, 2017, plaintiff Robert Berg, an alleged stockholder of Kite, filed a putative class action complaint in the United States District Court for the Central District of California, against Kite, the Kite Board, Gilead, and Merger Sub, alleging purported violations of the federal securities laws in connection with the Recommendation Statement;

WHEREAS, on September 11, 2017, plaintiff Merry Axelrod, an alleged stockholder of Kite, filed a putative class action complaint in the United States District Court for the Central District of California, against Kite, the Kite Board, Gilead, and Merger Sub, alleging purported violations of the federal securities laws

in connection with the Recommendation Statement;

WHEREAS, on September 14, 2017, plaintiff Richard Morrissey ("Plaintiff"), an alleged stockholder of Kite, filed the above-captioned action, against Kite and the Kite Board alleging purported violations of the federal securities laws in connection with the Recommendation Statement;

WHEREAS, on September 25, 2017, Kite filed Amendment No. 4 to the Schedule 14D-9, which addressed Plaintiff's allegations under Sections 14(d), 14(e), and 20(a) of the Exchange Act, and consequently, Plaintiff's claims have become moot.

WHEREAS, one minute after 11:59 pm on October 2, 2017, the Offer expired and on October 3, 2017 the merger was consummated;

WHEREAS, in light of the foregoing, Plaintiff voluntarily dismisses his claims with prejudice;

WHEREAS, Defendants have denied and continue to deny that Plaintiff's claims have merit but agree that Plaintiff's claims have become moot;

WHEREAS, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys, and no promise or agreement to give any such compensation has been made, nor has any discussion relating to any such compensation taken place between the parties. Any mootness fee application, absent agreement on fees between the parties, shall be resolved in the District of Delaware Gordon litigation cited above;

WHEREAS, no class has been certified in this Action;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the respective parties:

This Action is dismissed as moot, and the claims asserted therein are hereby

dismissed with prejudice as to the named Plaintiff, and without prejudice as to the purported class.

DATED: October 30, 2017

                        MONTEVERDE & ASSOCIATES PC

                        By:    */s/David E. Bower*
                                  David E. Bower
                                Attorneys for Plaintiff

                        SULLIVAN & CROMWELL LLP

                        By:    */s/Robert A. Sacks*
                                  ROBERT A. SACKS
                                Attorneys for Defendants